"O"   JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 09-0873-AG | Date | October 19, 2009 |
|---|---|---|---|
| Title | IN RE: EL VEASTA LAMPLEY | | |


| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:**     **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This case, like many others before this Court, involves the sale of an adjustable rate mortgage loan.  Defendant U.S. Bank National Association ("Defendant") filed a Motion to Dismiss Plaintiff El Veasta Lampley's ("Plaintiff's") Third Amended Complaint ("Motion").  After considering all papers and arguments submitted, the Court GRANTS the Motion.

## PRELIMINARY MATTER

To support its Motion, Defendant requests that the Court take judicial notice of six documents: (1) September 24, 2009 Minute Order granting Morgan Stanley's motion to dismiss with prejudice, declaring plaintiff El Veasta Lampley a vexatious litigant, and denying plaintiff's motion for preliminary injunction, *In re: El Veasta Lampley/El Veasta Lampley v. Morgan Stanley ABS Capital I Inc.*, No. SACV 09-0586-AG (C.D. Cal. Sept. 24, 2009); (2) a Grant Deed, recorded on January 26, 2006, in the Official Records of Orange County, California; (3) a Deed of Trust, recorded on January 26, 2006, in the Official Records of Orange County, California; (4) a Notice of Default and Election to Sell Under Deed of Trust, recorded on September 8, 2006, in the Official Records of Orange County, California; (5) a Notice of Trustee's Sale, recorded on December 15,

"O"   JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 09-0873-AG | Date | October 19, 2009 |
|---|---|---|---|
| Title | IN RE: EL VEASTA LAMPLEY | | |

2006, in the Official Records of Orange County, California; and (6) an Assignment of Deed of Trust, recorded on August 10, 2007, in the Official Records of Orange County, California.

Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Facts subject to judicial notice may be considered on a motion to dismiss. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court finds that the documents Defendant provides meet the requirements of Rule 201, and Defendant's request for judicial notice is GRANTED as to those six documents.

## BACKGROUND

Around January 13, 2006, Plaintiff purchased real property ("Property"). (Request for Judicial Notice ("RJN"), Exh. B, Grant Deed.) To finance the purchase of the Property, Plaintiff obtained a mortgage loan from New Century Mortgage Corporation ("New Century"). (RJN, Exh. C, Deed of Trust, p. 1.) This loan was later assigned to Defendant. (RJN, Exh. F, Assignment of Deed of Trust.)

Plaintiff defaulted on her loan and foreclosure proceedings were initiated. (RJN, Exh D, Notice of Default; Exh. E, Notice of Trustee's Sale.) Plaintiff filed several bankruptcy petitions, and in one of those bankruptcy petitions she filed an adversary complaint against Defendant. Plaintiff then amended the adversary complaint twice. Defendant filed a motion to dismiss the second amended complaint, and the bankruptcy court granted the motion with leave to amend. Because the underlying bankruptcy was also dismissed, the bankruptcy court transferred the case to this Court.

Plaintiff then filed the Third Amended Complaint ("TAC"), bringing nine claims against Defendants, numbered as follows: (1) aiding and abetting intentional fraud; (2) aiding and abetting negligent fraud; (3) aiding and abetting conspiracy to commit fraud; (4) aiding

"O"   JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0873-AG | Date | October 19, 2009 |
|---|---|---|---|
| Title | IN RE: EL VEASTA LAMPLEY | | |

and abetting unjust enrichment; (5) aiding and abetting intentional infliction of emotional distress; (6) aiding and abetting negligent infliction of emotional distress; (7) violations of the Civil Rights Act, 42 U.S.C. § 1983 (incorrectly labelled as "RICO Violation"); and (8) violation of the violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68.  Defendant now moves to dismiss the TAC.


## LEGAL STANDARD

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "'[D]etailed factual allegations' are not required."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007)).  The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff.  *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556).  A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment.  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).  "A *pro se* litigant must be given leave to amend his or her complaint unless it is

"O"  JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 09-0873-AG | Date | October 19, 2009 |
|----------|-----------------|------|------------------|
| Title | IN RE: EL VEASTA LAMPLEY | | |

absolutely clear that the deficiencies of the complaint could not be cured by amendment."
*Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (internal quotation omitted).
**ANALYSIS**

### 1.      AIDING AND ABETTING CLAIMS

Plaintiffs First, Second, Third, Fourth, Fifth, and Sixth Claims all allege that Defendant
aided and abetted New Century in various underlying torts.  To survive a motion to
dismiss a claim based on aiding and abetting, Plaintiff must allege that Defendant: "(a)
kn[ew] the other's conduct constitute[d] a breach of duty and [gave] substantial assistance
or encouragement to the other to so act or (b) [gave] substantial assistance to the other in
accomplishing a tortuous result and the person's own conduct, separately considered,
constitute[d] a breach of duty to the third person."  *Saunders v. Superior Court*, 27 Cal.
App. 4th 832, 846 (1994).

The Court finds that Plaintiff failed to allege sufficient facts that could lead to a
reasonable inference that Defendant knew and gave "substantial assistance or
encouragement" to New Century.  The TAC makes only broad allegations relating to the
mortgage industry, and does not relate these allegations to the subject loan or the claims
for relief in this lawsuit.  (TAC ¶¶ 3-16.)

Plaintiff also failed to allege sufficient facts that could lead to a reasonable inference that
Defendant's own conduct constituted a breach of duty to Plaintiff.  As a lending
institution, Defendant owed no duty of care to Plaintiff.  *See Nymark v. Heart Federal
Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991) ("a financial institution owes
no duty of care to a borrower when the institution's involvement in the loan transaction
does not exceed the scope of its conventional role as a mere lender of money").   The
relationship between a lending institution and its borrower-client is not fiduciary in
nature.  *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476-478 (1989).  Plaintiff did
not allege that U.S. Bank exceeded the scope of its role as a money lender.

"O"  JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 09-0873-AG | Date | October 19, 2009 |
|----------|-----------------|------|------------------|
| Title | IN RE: EL VEASTA LAMPLEY | | |

Plaintiff did not allege "sufficient factual matter" to state any aiding and abetting claim that is "plausible on its face," *Iqbal*, 129 S. Ct. at 1949.  Defendant's Motion is GRANTED as to the claims based on allegations of aiding and abetting.

**2.**      **SEVENTH CLAIM, FOR VIOLATIONS OF THE CIVIL RIGHTS ACT**

Plaintiff's Seventh Claim, in its entirety and with no alterations, reads:

### SEVEN CAUSE OF ACTION:
### RICO VIOLATION

24.  Plaintiff is informed and believes, and thereon alleges that the defendants committed the following RICO violation.

42 U.S.C. section 1983 civil action for deprivation of rights. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

(TAC ¶ 24.)  Because the entire claim is a quote from 42 U.S.C. § 1983 ("Section 1983") and has nothing to do with RICO, the Court will analyze this claim under the Civil Rights Act ("CRA").  Plaintiff's claim for violations of the CRA fails.

"O"   JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 09-0873-AG | Date | October 19, 2009 |
|---|---|---|---|
| Title | IN RE: EL VEASTA LAMPLEY | | |

Section 1983 requires state action. *See, e.g., Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1538 (9th Cir. 1992) ("To bring a section 1983 action, a plaintiff must allege that the defendants were acting "under color of law."). Plaintiff has not alleged any facts that could lead to a plausible inference that Defendant was a state actor. Defendant's Motion is GRANTED as to the Seventh Claim.

## 3.    EIGHTH CLAIM, FOR RICO VIOLATIONS

Plaintiff's Eighth Claim is for violations of RICO. To state a civil claim under RICO, a plaintiff must plead that the defendant violated the Act, and that the plaintiff was injured as a result of the violation. "The elements of a civil RICO claim are simple enough: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to the plaintiff's "business or property." *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (citing 18 U.S.C. §§ 1964(c), 1962(c); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)).

"Leaving aside the other elements of a civil RICO claim, RICO imposes civil and criminal liability on organizations engaged in 'racketeering activity.'" *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 939 (9th Cir. 2006) (citing 18 U.S.C. §§ 1962-1964). "Racketeering activity, in turn, is defined to include a number of generically specified criminal acts as well as the commission of one of a number of listed predicate offenses." *Id.* (citing U.S.C. § 1961(1)). Plaintiff has not alleged sufficient facts that could allow the Court to draw an inference that any predicate act has occurred. Defendant's Motion is GRANTED as to the Eighth Claim.

## 4.    NINTH CLAIM, FOR DECLARATORY RELIEF

Finally, Plaintiff's Ninth Claim is for declaratory relief. Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). For declaratory relief to be appropriate there must be an actual controversy relating to the legal rights and duties of the parties.

"O"   JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 09-0873-AG | Date | October 19, 2009 |
|---|---|---|---|
| Title | IN RE: EL VEASTA LAMPLEY | | |

*Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (citing *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994)).

Plaintiff fails to allege specific facts that could lead the Court to make reasonable inferences supporting the requested declarations.  These allegations "are merely conclusory, unwarranted deductions of fact" and "unreasonable inferences" that the Court cannot accept.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Iqbal*, 129 S. Ct. at 1940.  Plaintiff has not adequately demonstrated an actual controversy relating to the legal rights and duties of the parties in this case.

Defendants' Motion to Dismiss is GRANTED as to the Ninth Claim

## <u>DISPOSITION</u>

Plaintiff has now been given four opportunities to produce a viable complaint. The Court is satisfied that the deficiencies of the Third Amended Complaint cannot be cured by further amendment, and Defendants' Motion to Dismiss is GRANTED without leave to amend.  *See Jackson*, 353 F.3d at 758. Defendants may submit a brief, concise proposed judgment to the Court within 14 days of this Order.

_____ :   **0**

**Initials of**
**Preparer**          **lmb**